# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JEREMY WEBB,
ADC #144591                                                                                          PLAINTIFF

V.                                     4:13CV00719 KGB/JTR

DARRELL FLOWERS, Correctional Officer,
Faulkner County Detention Facility                                                        DEFENDANT

## ORDER

Plaintiff, Jeremy Webb, is a prisoner proceeding *pro se* in this § 1983 action. He has recently filed three nondispositive motions, which the Court will address separately.

### I. Motion to Consolidate

In *Webb v. Govia*, 4:13CV00643 BSM/HDY, Plaintiff alleges that Faulkner County Correctional Officers Govia, Davis, and Spaul used excessive force against him in August of 2013. In this case, *Webb v. Flowers*, 4:13CV00719 KGB/JTR, Plaintiff alleges that Faulkner County Correctional Officer Flowers used excessive force against him in December of 2013. Plaintiff seeks permission to consolidate the two lawsuits because he believes that Flowers used excessive force, in December of 2013, to retaliate against him for filing *Webb v. Govia.*

Consolidation is not appropriate because the two alleged incidents of excessive

force involve different Defendants and occurred four months apart. *See* Fed. R. Civ. P. 20(a)(2) (allowing joinder of claims arising "out of the same transaction, occurrence, or series of transactions and occurrences" and involving a "question of law or fact" that is "common to all defendants"). Accordingly, Plaintiff's request for consolidation is denied.

## II. Motion for Monetary Injunctive Relief and Declaratory Judgment

Plaintiff has filed a "Motion for Monetary Injunctive Relief and Declaratory Judgment." That pleading is more properly characterized as a Motion seeking permission to amend the Complaint to clarify that Plaintiff is: (1) seeking monetary damages, as well as injunctive relief; (2) suing Defendant Flowers in his official and individual capacities; and (3) adding a retaliation claim against Defendant Flowers. The Court finds good cause for allowing Plaintiff to so amend his Complaint.

## III. Motion for Appointment of Counsel

Plaintiff is seeking the appointment of counsel. *Doc. 11*. A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will

benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel. Under these circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time. Thus, Plaintiff's request for the appointment of counsel is denied.

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Consolidate (Doc. 5) is DENIED.

2. Plaintiff's Motion for Monetary Injunctive Relief and Declaratory Judgment, which has been construed as Motion for Leave to Amend the Complaint (Doc. 10), is GRANTED.

3. The Clerk is directed to file a copy of the Motion for Monetary Injunctive Relief and Declaratory Judgment (Doc. 10), as "Plaintiff's Amended Complaint."

4. The U.S. Marshal is directed to serve a copy of this Order and Plaintiff's

Amended Complaint on Defendant Flowers without prepayment of fees and costs or security therefor.

5.      Plaintiff's Motion for Appointment of Counsel (Doc. 11) is DENIED.

Dated this 14th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE